IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JESSICA LAKE, | |
| Plaintiff, | Case No. 22-2236-JWB-RES |
| v. | |
| USD 250 PITTSBURG COMMUNITY SCHOOLS, | |
| Defendant. | |

## SCHEDULING ORDER

On September 20, 2022, U.S. Magistrate Judge Rachel E. Schwartz conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Jessica Lake appeared through counsel Martin Meyers, by phone. Pittsburg Community Schools, USD 250, appeared through counsel Terelle Mock and Crystal Moe, by phone.[1]

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

---

[1]     As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | **September 30, 2022** |
| Defendant's settlement counter-proposal | **October 14, 2022** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **October 28, 2022** |
| Motions to amend | **October 20, 2022** |
| Mediation completed | **December 16, 2022** |
| Supplementation of initial disclosures | **40 days before the deadline for completing all discovery** |
| All discovery completed | **January 31, 2023** |
| Proposed pretrial order due | **February 7, 2023** |
| Pretrial conference | **February 22, 2023, at 10:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **March 24, 2023** |
| Trial — ETT 4-5 days | **The Court will subsequently set this case for trial** |

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation.  Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **September 30, 2022**.  Defendant must make a good-faith counter-proposal by **October 14, 2022**.  By **October 28, 2022**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_schwartz_chambers@ksd.uscourts.gov.*  These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office.  These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge.  If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts.  Mediation is ordered.  Absent further order of the court, mediation must be held no later than **December 16, 2022**.  Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website:

*http://www.ksd.uscourts.gov/adr-report/.*

2.      **Discovery.**

**a**.      The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damage computations, and insurance coverage.  To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, copies of the documents described in the parties' Rule 26(a)(1) disclosures must be exchanged by **September 16, 2022**.  Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery, to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to take a particular deposition or pursue follow-up written discovery before the time allowed for discovery expires.  If a party includes witnesses or other information in its final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, that party presumptively will be precluded from offering the witness's testimony or other information into evidence under Fed. R. Civ. P. 37(c)(1).

**b.**      All discovery must be commenced or served in time to be completed by **January 31, 2023**.

**c.**      The parties agree that principles of comparative fault do not apply.

**d.**      The parties have stipulated that no expert testimony will be used.

**e.**      The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

**f.**      The court discussed the following discovery problems raised by one or more of the parties: discovery of Plaintiff's obstetric medical records.  As discussed at the scheduling

conference, this is not a ripe discovery dispute at this time.  The court encouraged the parties to promptly meet and confer regarding Plaintiff's medical records so that any dispute on this issue will not delay depositions.

       **g.**     Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows: Produce in pdf – upon request, specific documents can be produced in native form.

       **h.**     Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows: The parties have agreed on the need for a protective order in this case.  Consistent with the Guidelines for Agreed Protective Orders for the District of Kansas, the parties' protective order shall address the disclosure of privileged materials.  Any party withholding responsive information from discovery on the basis of a privilege must timely serve a privilege log consistent with Fed. R. Civ. Pro. 26(b)(5)(A) and the case law in this District.

       **i.**     To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel:

             **i.**     The parties will attempt to resolve discovery disputes by a phone call between counsel.

             **ii.**     Documents will be served by email on all counsel.

       **j.**     No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

       **k.**     All depositions will be governed by the written guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**l.**     Discovery will be governed by a protective order, which the parties jointly moved for by emailing a copy of their proposed order to the Magistrate Judge's chambers on September 9, 2022.  On September 20, 2022, the court granted the motion and entered the parties' proposed protective order with minor modifications, which the court communicated to the parties at the scheduling conference.

**m.**     The parties do consent to electronic service of disclosures and discovery requests and responses.  *See* Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

**n.**     The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.     Motions**

**a.**     Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **October 20, 2022**.

**b.**     All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **March 24, 2023**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.**     Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.

Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.  The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

**d.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel.  The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone.  The court will typically grant the request and contact the parties to arrange the conference within a few days.  The court will inform the parties whether any additional information should be submitted or filed in advance of this conference.  Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference.

**e.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).

**f.** The arguments and authorities section of briefs or memoranda must not exceed 30 pages, absent a court order.  *See* D. Kan. Rule 7.1(e).

**4.    Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **February 22, 2023, at 10:00 a.m.,** by telephone (888-363-4749; access code 5705809).  However, the judge

may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **February 7, 2023**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_schwartz_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

      **b.**      The parties expect the jury trial of this case to take approximately 4-5 trial days. The court will subsequently set this case for trial.

      **c.**      If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

      **d.**      This scheduling order will not be modified except by leave of court upon a showing of good cause.

      IT IS SO ORDERED.

      Dated: September 22, 2022, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge